UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. **1:21-cr-669 (TJK)** |
| | : | |
| **KIM MICHAEL SORGENTE,** | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S NOTICE OF INTENT TO PROCEED PRO SE AND REQUEST FOR A HEARING

The United States hereby responds to Kim Michael Sorgente's ("Sorgente") Notice of Intent to proceed Pro Se and Request for a Hearting (ECF No. 76). The government acknowledges the defendant's right to pro se, but will oppose any motion to continue the trial and further requests a *Faretta* hearing regarding Sorgente's decision to represent himself. There is need for this court to hold a *Faretta* hearing to ensure Sorgente fully understands his decision and ensure clarity for the record. Furthermore, if the court determines, consistent with the standards applicable in this district, that Sorgente may represent himself in this matter, the government asks the court to appoint standby counsel.

### ARGUMENT

**A. The Court Should Conduct a Formal *Faretta* Hearing in This District**

Under the Sixth Amendment, a criminal defendant has a right to represent himself without giving any reason, provided that his request is unequivocal and that he knowingly and intelligently waives his Sixth Amendment right to professional representation. *Faretta v. California*, 422 U.S. 806, 835-36 (1975). The D.C. Circuit has ruled it is the responsibility of the trial court to ensure

Case 1:21-cr-00669-TJK   Document 79   Filed 10/03/24   Page 2 of 4

this right by conducting a colloquy. ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.'" *United States v. Bisong*, 645 F.3d 384, 393 (D.C. Cir. 2011), citing *Faretta*, 422 U.S. at 835. To ensure a valid waiver of counsel, a judge should "rigorously convey" the pitfalls of proceeding to trial uncounseled and should make a "searching or formal" inquiry into both the defendant's understanding of the Sixth Amendment waiver and awareness of the disadvantages of self-representation. *Iowa v. Tovar,* 541 U.S. 77, 92 (2004) (listing factors to consider in evaluating a defendant's waiver "including his education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding," although "a less searching or formal colloquy may suffice at earlier stages of the criminal process.").

This Court should hold its own *Faretta* hearing for Sorgente. The government wants more explicit findings regarding Sorgente's understanding of self-representation than those found in ECF No. 76. A *Faretta* hearing before this Court would protect the record, prevent future appellate issues, and preserve the defendant's Sixth Amendment rights The government requests that the Court schedule and hold a *Faretta* hearing in open court to fully evaluate the defendant's request to proceed pro se.

**B. Sorgente's Right to Represent Himself**

A defendant charged with a crime has an absolute and automatic right to counsel. U.S. Const., Amend. 6.; 28 U.S.C. §1654; *Gideon v. Wainwright*, 372 U.S. 335 (1963); *Faretta v. California*, 422 U.S. 806, 819 (1975). This right requires that legal assistance be made available whether or not the defendant has requested it. *Carnley v. Cochran*, 369 U.S. 506, 513 (1962). A

defendant also has the right to represent himself or herself in criminal proceedings. *Faretta*, 422 U.S. at 819; *United States v. Wade*, 388 U.S. 218, 223-27 (1967). To permit a defendant to exercise the right to self-representation, a trial court must ensure that the defendant understands the ramifications of this decision and ensure that the necessary procedural safeguards are complied with. This requires an unequivocal waiver of the right to counsel. A defendant that equivocates is presumed to have requested the assistance of counsel. *Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir. 1989).

### C. If the Court Determines That Sorgente Can Represent Himself, Stand-By Counsel for Sorgente Should Be Appointed

A defendant's right to self-representation consistent with the holding in *Faretta* is not infringed by assistance from standby counsel that helps the defendant overcome "routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). *See also United States v. Gomez-Rosario*, 418 F.3d 90, 102 (1st Cir. 2005) (a *pro se* defendant's right to address the court freely is not absolute, and a court may use standby counsel to facilitate the orderly functioning of proceedings so long as the defendant retains control over significant tactical decisions on matters of importance).

This will not usurp Sorgente's right to self-representation. So long as Sorgente preserves actual control over the case he chooses to present to the jury, and the participation of standby counsel (even without the defendant's consent) does not destroy the jury's perception that the defendant is representing himself, the appointment of a stand-by counsel poses no legal problem

for a self-represented defendant. *McKaskle,* 465 U.S. 168 at 178-79. Additionally, Sorgente would benefit from the ability to obtain guidance from standby counsel concerning courtroom procedures and protocol.

## CONCULUSION

In order to protect Sorgente's rights and to provide a clear record, the Court should conduct a *Faretta* hearing and appoint standby counsel.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:  /s/ *Matthew Beckwith*
MATTHEW BECKWITH
DC Bar No: 90014452
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20004
Matthew.beckwith@usa.doj.gov